## Commonwealth v. Nickels.

*Practice, Q. S.—New trial—Right of defendant to try his own case—Counsel appointed by court.*

1. Where the court has appointed a lawyer to represent a defendant without counsel in a criminal prosecution, and at trial the defendant claims the right to conduct his own defence, it is not error for the court to refuse to permit counsel to withdraw, where it appears that to do so would submit defendant to grave disadvantage and injustice, the court being convinced that defendant lacked sufficient intelligence and training to have his case come to trial without assistance from counsel.

2. Even though a ruling of the trial judge may be erroneous, it is not a ground for a new trial, unless the defendant was prejudiced thereby.

Assault with intent to rob. Rule for new trial. Q. S. Berks Co., Sept. Sess., 1923, No. 267.

*Geo. Eves*, for defendant and rule; *John W. Speicher*, for Commonwealth.

BIDDLE, P. J., 9th judicial district, specially presiding.—The defendant, William Nickels, was found guilty on an indictment charging assault with intent to rob. A rule to show cause why a new trial should not be ordered was allowed, and the following reasons in support of it were given:

1. The verdict is contrary to law.

2. The verdict is against the evidence.

3. The verdict is against the weight of the evidence.

4. The court erred in denying the defendant his constitutional right to conduct his own defence.

Commonwealth v. Nickels.

5. The court erred in its charge to the jury in emphasizing the circumstances from which guilt might be inferred without mentioning the fact from which innocence might be inferred.

The first, second, third and fifth reasons are dependent upon the evidence offered and received and upon the charge of the court. None of this has been reduced to writing so that it could be submitted to this court.

As the case was tried before another judge, we should not feel justified in convicting him of error in any manner where the essence and substance of his rulings are not upon the record so that they could be reviewed intelligently.

As regards the fourth reason, it was stated that the defendant having no counsel, an attorney was assigned to represent him by the President Judge of the court; that when the case was called for trial before the additional law judge, defendant's counsel stated to the court that the defendant preferred to conduct his own defence without counsel, and the court refused to permit counsel to withdraw.

It is argued that this refusal of the court was a denial of the defendant's constitutional right to conduct his own defence. Article I, section 9, of our Constitution provides: "In all criminal prosecutions the accused hath the right to be heard by himself and his counsel." This is the provision that it was stated was violated by the ruling of the court.

It is not contended that the defendant was not heard by counsel; nor was it said that the counsel's conduct of the defence was contrary to any expressed wish of his client, or that the client himself was refused the right to be heard or to ask any questions. But it is said that, even if this is true, the court has no right to force an attorney upon an unwilling client. It may be conceded that this might be correct in the majority of instances, but it is easy to imagine a case where the court would be thoroughly convinced that, owing to a lack of sufficient intelligence and training on the part of the defendant, to permit him to have his case come to trial without assistance from counsel would be to subject him to a grave disadvantage and injustice.

In a case in Kentucky, Williams et al. v. Com., 110 S. W. Repr. 339, a judgment of the lower court was reversed because the court had not, of its motion, assigned counsel to represent the defendant, who was convicted of a felony. The court there said: "We, however, do not understand the provision of the Constitution (it was similar to that of the Pennsylvania Constitution) and the authorities cited to require the court to appoint counsel for a defendant charged with a felony when he does not desire the aid of counsel, and when the court can see that the person charged is a person of at least ordinary intelligence and can fully appreciate the position which he occupies; but in a case like this, when the defendant is without education and has not mind enough to know when he was placed in jeopardy, we are of the opinion that it was the court's duty to interpose and see that he was properly represented."

From the statements made at the argument of the case, we are strongly of the opinion that the present case was in this respect very similar to the Kentucky one under consideration.

Even if the ruling of the court was erroneous, we are unable to believe that the interests of the defendant were in the slightest degree jeopardized thereby, and the appellate courts have repeatedly said that they would not reverse a lower court, on appeal, because of an erroneous ruling, where that ruling was not prejudicial to the appellant. We think that that principle should apply fully here, even if the court's ruling was erroneous, which we do not believe.

The rule for a new trial is, therefore, discharged.

From Wellington M. Bertolet, Reading, Pa.